# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

March 8, 2007

Agnes S. Wladyka
Abromson & Carey
60 Park Place
Suite 601
Newark, New Jersey 07102

    (*Attorney for Plaintiff*)

Christopher J. Christie
United States Attorney
Stephen Patrick Conte
Special Assistant United States Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278

    (*Attorney for Defendant*)

    RE:    <u>Lasaundra Hutchins-Collins v. Commissioner of Social Security</u>
            <u>Civ. No. 05-3575 (WJM)</u>

Dear Counsel:

    Plaintiff Lasaundra Hutchins-Collins ("Hutchins-Collins") seeks review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") payments. She brings this action pursuant to 42 U.S.C. § 405(g) (2006) of the Social Security Act. There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, the Commissioner's decision is **AFFIRMED**.

## Background

  Hutchins-Collins applied for SSI payments on April 27, 2001, alleging disability under Section 1614(a)(3)(A) of the Social Security Act since July 1, 1999 due to depression, complications from foot surgery, and nerve damage to her right side.  (R. at 48, 56.)  This application was denied initially on October 5, 2001 and denied upon reconsideration on April 26, 2002.  (R. at 28-31, 37-40.)  A hearing was held on June 19, 2003, in which Hutchins-Collins testified to her claims of disability.  On September 17, 2003, Administrative Law Judge Richard L. De Steno ("the ALJ") entered a decision finding that Hutchins-Collins was not disabled.  (R. at 19-26.)  Using the sequential analysis mandated by 20 C.F.R. § 416.920, the ALJ concluded that the ailments suffered by Hutchins-Collins, including obesity, hyperparathyroidism, peripheral neuropathy of the feet and legs, and ventral hernia did not prevent her from performing her past relevant work.  (R. at 25.)

  Beginning with step one of the five-step analysis, the ALJ initially found that Hutchins-Collins has not engaged in any substantial gainful activity since July 1999, the time at which she alleges her medical condition prevented her from working.  (R. at 20.)  At step two, the ALJ found that the evidence supports a finding that Hutchins-Collins suffers from severe impairments, namely obesity, hyperparathyroidism, peripheral neuropathy of the feet and legs, and a ventral hernia, which cause significant vocationally relevant limitations.  (R. at 20.)  However, the ALJ found that her depression and anxiety were not severe.  (R. at 24.)  At step three, he determined that Hutchins-Collins did not suffer from any impairment that meets or equals in severity the listed impairments in Appendix 1 of the Regulations (20 C.F.R., Part 404, Subpart P, App. 1).  (R. at 20.)  Noting that he gave particular scrutiny to Hutchins-Collins's conditions with regard to Listing 11.14 for peripheral neuropathies and Listing 9.03 for hyperparathyroidism, the ALJ found that no physician in the record mentioned findings sufficient in severity to satisfy the criteria of a listed impairment.  (R. at 20.)   At step four, he concluded that Hutchins-Collins retains the residual functional capacity ("RFC") to perform the full range of sedentary work, and that she has been capable of performing her past relevant work as a receptionist.  (R. at 24-25.)  Accordingly, ALJ De Steno determined that Hutchins-Collins was not disabled and therefore not entitled to SSI payments.  (R. at 25-26.)

  Hutchins-Collins requested review by the Appeals Council, which was denied on July 8, 2005. (R. at 5-8.)  She now seeks review in this Court.  Hutchins-Collins argues that: (1) the ALJ failed to apply the correct legal standard in evaluating her complaints of pain; (2) the ALJ's decision is incomplete because he failed to discuss her obesity as well as the combination of her conditions, and whether they equal a Listed Impairment when combined; and (3) the ALJ lacks evidentiary support for his finding that Hutchins-Collins retains the residual functional capacity to perform the full range of sedentary work.  This appeal is now before the Court.

**Standard of Review**

The district court conducts a plenary review of all legal issues decided by the ALJ. *Kirk v. Comm'r of Soc. Sec. Admin.*, 177 F. App'x 205, 206 (3d Cir. 2006). Furthermore, this court is bound by all factual findings that are supported by substantial evidence. *See Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). This court considers the record as a whole to determine whether substantial evidence exists upon which the ALJ could base his factual findings. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion...[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (quoting *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Srvcs.*, 48 F.3d 114, 117 (3d Cir. 1995)). If there is more than one rational interpretation of the evidence in the record, this court must accept the conclusions of the ALJ and affirm his decision. *See Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The court is "not permitted to weigh the evidence or substitute [its] own conclusions for that of the fact-finder." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). Overall, the substantial evidence standard is a deferential standard of review, which requires deference to inferences drawn by the ALJ from the facts, if they are supported by substantial evidence. *Schaudeck*, 181 F.3d at 431.

**Discussion**

A.   **Evaluation of Hutchins-Collins's complaints of pain**

Hutchins-Collins first contends that the ALJ improperly evaluated the medical evidence contained in the record because he failed to give credence to her subjective complaints of pain. The ALJ noted in his opinion that Hutchins-Collins's complaints of disabling pain are not supported by the overall record "to the extremely debilitating extent asserted." (R. at 23.)

It is well-settled that the ALJ is required to consider all of a claimant's symptoms, including pain, in determining whether she is disabled; however there must be objective medical evidence, meaning medical signs and laboratory findings, to support the level of pain alleged because statements about pain alone will not establish that the claimant is disabled. 20 C.F.R. § 416.929(a)(2007). In rejecting a claim of disabling pain, the ALJ "must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record." *Matullo v. Bowen*, 926 F.2d 240, 245 (3d Cir. 1990) (quoting *Baerga v. Richardson*, 500 F.2d 309, 213 (3d Cir. 1974)).

Here, there is substantial evidence in the record to support the ALJ's finding that Hutchins-Collins's subjective complaints of disabling pain and other symptoms are not fully credible. The ALJ specifically considered her complaints of pain in conjunction with the objective medical findings of her treating physicians and other physicians who reviewed her

3

medical record. (R. at 20-23.) He specifically noted that: (1) Dr. Baranetsky, who treated Hutchins-Collins on July 25, 2001, found that she was an obese woman in "no distress," her extremities were unremarkable, and her neurological examination revealed equal muscle strength bilaterally as well as a normal gait; (2) Dr. Egan, who examined Hutchins-Collins, also found that she was an obese female in "no distress"; and (3) Dr. Nadel, who performed a consultative musculoskeletal examination, found that Hutchins-Collins had normal range of motion of all joints including her knees, did not have any focal joint deformities, and there was no decreased range of motion of any joint. (R. at 21-22.)

The ALJ further noted that Hutchins-Collins's testimony was inconsistent on three occasions: first, when she stated that she left her job at Sears as a result of foot surgery, but later testified that she was fired for engaging in an argument with another employee; second, when she stated that her cashier position at Sears involved lifting heavy clothing and pushing racks of clothes, however she subsequently admitted that such duties were performed only occasionally, when she was not needed as a cashier because business was slow; and third, when she initially testified that her receptionist job at H&R Block involved lifting papers that weighed as much as thirty pounds, but later qualified her statement that such heavy lifting was seldom done, if at all. (R. at 23.)

Based on the foregoing, the Court finds that the ALJ based his determination that Hutchins-Collins's subjective complaints of pain lacked credibility on substantial evidence. Accordingly, Hutchins-Collins's argument on this ground is denied.

### B. The ALJ's Assessment of the Medical Evidence

Hutchins-Collins next argues that the ALJ's assessment of the medical evidence was incomplete and therefore not supported by substantial evidence in the record. Specifically she argues that: (1) the ALJ failed to assess whether certain physical impairments suffered by the plaintiff as well as her mental impairments meet or equal Listing 5.0 or 12.00 of Appendix 1; (2) the ALJ did not consider plaintiff's obesity and its impact on her other impairments; and (3) even if she narrowly misses a listed impairment, her individual impairments combined equal a Listing.

#### 1. Whether Hutchins-Collins's Impairments "Meet or Equal" Listings 5.00 or 12.00 of Appendix 1

Hutchins-Collins first argues that the ALJ's decision is incomplete because he failed to assess her multiple abdominal surgeries under Listing 5.00 of Appendix 1 as it deals with recurrent obstructions despite therapy. (Pl.'s Br. at 16-17.) Listing 5.0 states:

> Disorders of the digestive system which result in a marked impairment usually do so because of … complications of disease, such as…recurrent obstruction. Such complications usually respond to treatment. These complications must be shown to persist on

4

>> repeated examinations despite therapy for a reasonable presumption to be made that a marked impairment will last for a continuous period of at least 12 months.

20 C.F.R., Part 404, Subpart P, App. 1, § 5.00.  Although the ALJ did not specifically address this particular listing in his step-three analysis, the court concludes that his decision is nevertheless based on substantial evidence.

The ALJ is required to evaluate the medical evidence and base his conclusions upon substantial evidence; he must look at the record as a whole, including objective medical facts and diagnoses or medical opinions based on such facts. *Sassone v. Comm'r of Soc. Sec.*, 165 F. App'x 954, 956 (3d Cir. 2006).  The ALJ is not required to use "magic words" in his analysis or adhere to a particular format; rather, the law simply requires "that the record be developed sufficiently to permit meaningful appellate review." *See id*. at 959 (citing *Jones,* 364 F.3d at 505).

Here, the ALJ reviewed the opinions of treating physicians, including Dr. Nadel who took note of Hutchins-Collins's three ventral hernia repairs. (R. at 21-22.)  The ALJ also considered the medical records from the Hospital Center at Orange where Hutchins-Collins was treated for recurrent abdominal pain on May 29, 2003 and received a CT scan of her abdomen and pelvis. (R. at 22.)  The scan revealed no evidence of recurrent hernia or bowel obstruction. (R. at 22.)  The ALJ gave consideration to these objective medical facts and diagnoses as well as other facts in the record including the claimant's own testimony regarding her multiple abdominal surgeries.  While he did not specifically acknowledge consideration of Listing 5.00, there is substantial evidence in the record upon which the ALJ based his decision that Hutchins-Collins is not suffering from any listed impairment, including any recurrent obstructions.

Hutchins-Collins also argues that the ALJ's failure to discuss her mental impairments, and whether they meet or equal Listing 12.00 "Mental Disorders," renders his decision incomplete. (Pl. Br. at 17.)  However, ALJ De Steno did consider her mental impairments, specifically stating that he conducted an evaluation of them under Listing 12.04A1 (Affective Disorders; Depressive syndrome). (R. at 24.)  He began his step-three evaluation of her mental impairments under the Listings, finding that her mental impairments were not severe enough to meet or equal a Listing. (R. at 24.)  ALJ De Steno found that Hutchins-Collins had functional limitations of slight deficiencies of concentration, persistence or pace and no episodes of decompensation. (R. at 24.)  Subsequently, he went on to conclude that there is no evidence that Hutchins-Collins's mental impairments in any way impair her ability to perform basic work-related tasks, because she does not suffer from any mental impairment that is "severe" under step-two of the analysis either. (R. at 24.)  Furthermore, Hutchins-Collins fails to cite to any other subsection that the ALJ failed to consider under Listing 12.00.  Therefore, it is clear that

the ALJ based his determinations regarding Hutchins-Collins's mental impairments on substantial evidence.[1]

### 2. The ALJ's Consideration of Hutchins-Collins's Obesity

Next, Hutchins-Collins argues that the ALJ failed to consider her obesity and its impact on her other impairments. (Pl.'s Br. at 17.) She argues that under Clinical Guidelines she suffers from Level III "extreme" obesity, which represents the greatest risk for developing obesity-related impairments. (Pl. Br. at 17.) Hutchins-Collins contends that the ALJ's failure to consider her obesity warrants reversal.

Here, the ALJ did not specifically discuss Hutchins-Collins's obesity in relation to her other impairments. This is not fatal to the ALJ's conclusion, though. Specifically, the ALJ reviewed and adopted the opinions of several treating physicians, including Dr. Baranetsky and Dr. Egan, who attested to claimant's obesity in their reports and noted without any further discussion that she is massively obese, but not in any distress. (R. at 20 and 21.) These physicians never indicated that Hutchins-Collins's obesity was creating or enhancing any of her impairments. "[T]he ALJ's discussion and adoption of their medical conclusions constitutes, at a minimum, an 'indirect consideration' and rejection of [the claimant's] weight condition in his disability analysis." *Sassone*, 165 F. App'x at 958 (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)).[2] Therefore, Hutchins-Collins's argument that the ALJ failed to consider her obesity is denied.

### 3. Failure to Consider the Combination of Her Impairments

Finally, Hutchins-Collins argues that the ALJ failed to evaluate the combined effect of her impairments. (Pl. Br. at 16-18.) This argument has little merit. In discussing whether Hutchins-Collins's impairments met or equaled a listing, and whether they impaired her ability to work, the ALJ clearly considered both her severe and non-severe impairments together. (*See* R. at 20-25.) Therefore, this argument is denied.

---

[1] The court also notes that Dr. Chang-Wuk Kang, state agency medical consultant, reviewed Hutchins-Collins's record and concluded that she had a non-sever mental impairment. (R.at 196.)

[2] Furthermore, the ALJ also discussed the report of Dr. Roy, who noted that Hutchins-Collins was suffering from a chronically low mood "secondary to her weight gain" (R. at 22.) However, as articulated earlier, the ALJ found that her mental impairments were not severe for purposes of receiving SSI payments, and thus Dr. Roy's findings regarding the effect of Hutchins-Collins's obesity on her mental status are inapposite to this analysis.

### C.     The ALJ's Analysis of Hutchins-Collins's Ability to Work

Hutchins-Collins argues lastly that the ALJ was incorrect in determining that she can perform the full range of sedentary work.[3]  (Pl. Br. at 18.)  She alleges that the ALJ's assessment of her RFC at step four was merely conclusory and not supported by the medical evidence.  (Pl. Br. at 18.).  The court disagrees.

"In making a residual functional capacity determination, the ALJ must consider all evidence before him.  Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reasons for discounting such evidence."  *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).  Here, ALJ De Steno found that as a result of her severe impairments, Hutchins-Collins can perform the full range of sedentary work, the least strenuous of all categories.  (R. at 24.)  In making this determination, he reviewed the medical evidence in the record, finding the following persuasive: (1) Hutchins-Collins was treated in 2001 by Dr. Baranetsky, who reported that she had a normal gait and equal muscle strength bilaterally, indicating that while she was a "large-framed massively obese woman," she was in no distress; (2) Dr. Nadel, who examined Hutchins-Collins in 2002 found that, while she was an obese woman, she was in no distress and did not have any decreased range of motion of any joint; (3) in 2002, Dr. Barbier indicated that although the claimant had a history of substance abuse, she had been "clean" for five years; and (4) in 2003, Hutchins-Collins received a CT scan of her abdomen and pelvis, which revealed no evidence of recurrent hernia or bowel obstruction.  (R. at 20-22.)  The ALJ considered these reports in reaching his conclusion that Hutchins-Collins can perform the full range of sedentary work.  Additionally, the record contains medical reports of physicians and consultants in the New Jersey Office of Disability.  One such physician, Dr. Francis Clark, after reviewing Hutchins-Collins's medical record, found that she could lift up to 25 pounds frequently, stand and walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday (including regular breaks).  (R. at 122-29.)

Hutchins-Collins's arguments to the contrary are not persuasive.  She claims that reports by two of her doctors, Drs. Thomas and Haidri, establish her inability to work.  However, the ALJ was within his authority to discredit these opinions.  *See, e.g., Nieves v. Comm'r of Soc. Sec.*, 198 F. App'x 256, 260 (3d Cir. 2006) (finding that "[b]ecause of the existence of evidence to the contrary, the ALJ was not bound to render his decision solely based on the findings of [a report supporting claimant's inability to work].")  Here, the ALJ found that these doctors' reports

---

[3]Sedentary work is defined as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.927(a) (2007).

7

could not be accorded any significant weight because: (1) they are not supported by any objective medical evidence within the record; (2) they involve a subject that is reserved to the Commissioner for determination; and (3) there is no indication that these physicians have any expertise in making such medical and vocational assessments or have any familiarity with the concept of disability within the context of the Social Security Act and supporting regulations. (R. at 20-21.)

Additionally, the plaintiffs own subjective complaints of pain were properly discredited as well. In doing so, ALJ De Steno acknowledged that claimant has significant limitations, which is why he found her to be capable of performing the least strenuous work possible: sedentary work. However, he found her complaints of pain to be extreme and unreasonable, ultimately discrediting them, because they were not supported by either the medical or non-medical elements of the record to the extent alleged. (R. at 23.) Again, the ALJ properly acknowledged the evidence he was rejecting and provided reasons for doing so.

Finally, Hutchins-Collins's argues that a vocational expert should have been consulted to testify at the hearing regarding her RFC. This is incorrect. A vocational expert is used at step five to determine whether jobs exist in the national economy that the claimant can perform. ALJ De Steno, though, never reached this step, finding Hutchins-Collins not to be disabled at step four. *See, e.g. Sykes v. Apfel*, 228 F.39 289, 264-65 (3d Cir. 2000) (requiring the use of a vocational expert at step five of the disability analysis).

Therefore, the Court finds that the ALJ's determination that Hutchins-Collins retained the RFC to perform the full range of sedentary work, and was therefore not disabled, is supported by substantial evidence.

## Conclusion

For the foregoing reasons, the decision of the ALJ is **AFFIRMED**. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**